**In the United States District Court
for the District of Kansas**

───────────

Case No. 2:20-cv-2286

───────────

SASCHA V. WEBB,

*Plaintiff*

v.

WALMART, INC. d/b/a WALMART SUPERCENTER #3273,

*Defendant*

───────────

**MEMORANDUM AND ORDER**

Plaintiff Sascha V. Webb initiated this negligence claim against Defendant Walmart, Inc., alleging that she was injured while shopping at Defendant's Overland Park, Kansas, location. Doc. 1-1 at 5. Defendant removed to federal court, Doc. 1, and filed an answer, Doc. 3. Plaintiff now moves to strike certain affirmative defenses in Defendant's Answer or, in the alternative, for a more definite statement. Doc. 18. For the following reasons, the Motion is granted in part and denied in part.

\* \* \*

Fed. R. Civ. P. 12(f) allows a court to strike any portion from a pleading that is "redundant, immaterial, impertinent, or scandalous." *See also Burrell v. Armijo*, 603 F.3d 825, 836 (10th Cir. 2010). District courts have "considerable" discretion when deciding motions to strike. *See* 21 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1382 (3d ed. 2020); *see also Carson v. Golz*, 829 F. App'x 853, 855 (10th Cir. 2020); *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994).

**1.** Plaintiff first argues that she is entitled to relief because the "heightened pleading standard" derived from *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), governs the evaluation of defenses and requires more specificity than

1

Defendant provided. Doc. 18-1 at 3–4. Lower courts disagree as to whether the *Twombly-Iqbal* standard applies to answers, and there seems to be no controlling authority on the issue. The "better view is that the plausibility standard only applies to the pleading of affirmative claims for relief, given that these cases were interpreting the 'showing' language of [Fed. R. Civ. P.] 8(a)(2)—language that does not appear in Rule 8(b) or Rule 8(c)." Wright & Miller, *supra*, at § 1381.

Consider the text of Rule 8. For a pleading to state a claim for relief, it must contain, among other things, "a short and plain statement of the claim *showing that the pleader is entitled to relief* . . . ." Fed. R. Civ. P. 8(a)(2) (emphasis added). In contrast, a party offering its defenses or affirmative defenses need only "state" those defenses. Fed. R. Civ. P. 8(b)(1)(A), (c)(1). Rule 8(c)(1), in particular, lists affirmative defenses, which reiterates the need to only state—not support or explain the applicability of—those defenses in a particular case. This differing language suggests different standards apply. *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1258 (D. Kan. 2011); *accord Bennett v. Sprint Nextel Corp.*, No. 09-2122-EFM, 2011 WL 4553055, at *1 (D. Kan. Sept. 29, 2011).

The context of *Twombly* and *Iqbal* confirm these standards are not interchangeable. In each case, the Court considered only whether, under Rules 8(a) and 12(b), the complaint showed the pleader was entitled to relief. *See Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 570. Neither considered what Rule 8(b) or (c) requires or suggested that all Rule 8 claims are subject to a uniform standard. Indeed, there are good reasons supporting the different treatment of claims and defenses. *See generally Falley*, 787 F. Supp. 2d at 1258–59; *see also* Steven S. Gensler & Lumen N. Mulligan, 1 *Federal Rules of Civil Procedure, Rules & Commentary*, Rule 8 (2020 ed.) (noting the textual difference between Rule 8(c) and Rule 8(a)(2) and adding that defendants usually have only 21 days to respond to a complaint unlike plaintiffs drafting a complaint).

**2.** Plaintiff asserts that four defenses listed in Defendant's Answer should be struck because they have been inadequately pled.

**a.** Three defenses are adequately pled for purposes of this stage in the proceedings. For instance, Plaintiff complains that the Answer does not explain why Defendant believes Plaintiff's state-court Petition fails to state a claim upon which relief can be granted. Doc. 18-1 at 2. But "[t]he rules do not require a party to plead every step of legal reasoning that may be raised in support of its affirmative defense; they only require a defendant to state in short and plain terms its defenses

to a plaintiff's claims." *See Cagle v. The James St. Grp.*, 400 F. App'x 348, 355 (10th Cir. 2010). Defendant's assertion that Plaintiff has not stated a claim satisfies that standard.

Plaintiff's attempt to strike two other defenses likewise fails. Specifically, Plaintiff laments that she "does not know why she is being accused of failing to mitigate her damages or what independent and/or intervening act for which [Defendant] is not liable caused her injuries." Doc. 18-1 at 5. But Defendant's invocation of these well-known defenses is sufficient to state "in short and plain terms" its defenses. *See Ross v. Sharpe One, Inc.*, No. 19-2293-KHV, 2019 WL 5188673, at *3 (D. Kan. Oct. 15, 2019) (denying a motion to strike intervening-act and failure-to-mitigate defenses because "[e]ach of these assertions 'state in short and plain terms' [D]efendants' defenses"); *see also Cox v. Stone Ridge at Vinings, LLC*, No. 1:12-CV-02633-AT, 2012 WL 12931994, at *4 (N.D. Ga. Oct. 23, 2012) (finding Defendant need not plead facts alongside its defense that Plaintiff's injuries were "caused by the superseding and intervening acts of third parties"); *Brossart v. DIRECTTV*, No. CIV. 11-786 DWF/JJK, 2011 WL 5374446, at *2 (D. Minn. Nov. 4, 2011) (denying Plaintiff's motion to strike Defendant's failure-to-mitigate and intervening-act defenses because "the determination of the factual sufficiency of the asserted defenses was premature").

Plaintiff will be able to identify the factual and legal bases of the identified defenses. The Rules provide ample opportunity to (1) explore the factual bases for these defenses, *see* Fed. R. Civ. P. 26–37, and (2) at the appropriate time, assert that there is insufficient support for them, *see* Fed. R. Civ. P. 56. As a result, Plaintiff cannot claim any prejudice attributable to Defendant's Answer. *Cf. Wilhelm v. TLC Lawn Care, Inc.*, No. CIV.A. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008) (denying motion to strike where prejudice not established); *Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 724 (E.D. La. 2011) (same).

**b.** One defense does fail as a matter of Kansas law. Plaintiff contends that Defendant's invocation of Kansas's statutory cap on non-economic damages fails because the Kansas Supreme Court held that the statute violated the Kansas Constitution. Doc. 18-1 at 6 (referring to *Hilburn v. Enerpipe Ltd.*, 442 P.3d 509 (Kan. 2019)). Defendant does not disagree but suggests "the legislature and/or courts" might someday revisit the issue. Doc. 20 at 6. Because Kansas law does not currently recognize this defense, Plaintiff's request to strike it is granted.

*See* Wright & Miller, *supra*, at § 1381; *see also Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) ("[W]here . . . motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay."). If at some point Defendant establishes that Kansas law has changed, it may move to amend its Answer at that time. *See* Fed. R. Civ. P. 15.

\* \* \*

Plaintiff alternatively moves for Defendant to provide a more definite statement under Rule 12(e). Doc. 18-1 at 5. That relief is unwarranted. Even if Defendant's Answer were "a pleading to which a responsive pleading was allowed," a motion for a more definite statement would only be appropriate if Defendant's Answer were "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Plaintiff has not met that high threshold here. *Cf. Williamson v. Owners Resort & Exch.*, 90 F. App'x 342, 343 (10th Cir. 2004) (discussing a granted Rule 12(e) motion where the pleading at issue was "incomprehensible").

\* \* \*

Plaintiff's Motion (Doc. 18) is GRANTED in part and DENIED in part. Specifically, the motion to strike is granted with respect to the non-economic damage limitation but denied as to the defenses of failure to state a claim, mitigation of damages, and independent/intervening acts. The motion for more definite statement is denied.

IT IS SO ORDERED.

Date:  February 2, 2021          /s/ Toby Crouse
                                 Toby Crouse
                                 United States District Judge